OPINION AND ORDER
This matter comes before the Fort Peck Court of Appeals on a Notice of Appeal filed by Timothy Todd, Appellant, pro se. The Tribes are represented by Adrienne R. Weinberger, Prosecutor, Fort Peck Tribes. There is also on file in this Court a separate but companion Appeal of Denial of Writ of Habeas Corpus, Appeal File 662. We will consider the issue in Appeal 662 by separate order. The appeal documents, pleadings and briefs are combined in some instances in the appeals. Appellant Todd is represented by counsel in Appeal 662. The case is also referred to as cause No. 4664-12-10.
This appeal is from a conviction of Attempted Kidnapping at a bench trial held on October 22, 2013, the Honorable Danna Runsabove presiding. Appellant Todd appeared pro se on record.
Appellant Todd’s basis for the appeal is that his constitutional rights were violated at and after trial. There are also allegations of prosecutorial and judicial misconduct.
As to the violation of constitutional rights, Appellant Todd states that he was not allowed to call witnesses on his own behalf. Further, Appellant claims that the Tribes did not meet their burden of proof ... “since the testimony of the Tribe’s witnesses statements were not collaborated by evidentiary documentation and should be stricken from the record and further considered hearsay ...” Petition for Writ of Habeas Corpus filed November 27, 2013.
The TRIAL ORDER and record herein refute these claims. There is no pre-trial order for Appellant’s witnesses and no subpoenas were issued on his behalf. These are matters to be settled and determined prior to trial. If there are objections, they should be noted on the record for appeal purposes. The matter of the Appellant’s witnesses list was also discussed at trial, as the ORDER reflects:
“The Court asked Defendant if he had anything to present on his behalf in regards to this case only. Defendant stated he had a witness list and no one was summoned. The Court questioned Defendant if any of the witnesses had any direct bearing on the case at hand. Defendant would not directly answer the court’s questions regarding the witness list. The Court asked the Defendant repeatedly if he had anything to present on behalf of himself, in his defense, in the case only. Defendant stated he had nothing to present.”
The ORDER also reflects:
“The Defendant was asked if he wanted to cross-examine the witness but did not want to. Prior to the victim coming into the courtroom, Defendant offered to leave the room. The Court advised him it was his right to confront his accuser. Defendant stated he understood.”
Trial Order, October 22, 2013
This Court cannot review or consider appeal issues not appearing in the pre-trial and trial record. Basically, there is no record here for us to review. We are not a trial court and only review that which is of record from the trial court.
“The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” Fort Peck Tribes Comprehensive Code of Justice, Title II, Section 202.
*10 As to the issues of prosecutorial and judicial misconduct, the same principles of review apply. The record does not reflect any overt or actual bias of Judge Runsa-bove or Prosecutor Weinberger against Appellant Todd as to the case on appeal. Appellant apparently refers to motions he filed in earlier matters adjudicated in 2009, but there is no order to recuse or general recusal order of record. RESPONSE TO HABEAS CORPUS, Cause No. 4664-12-10, filed on December 4,2013.
The decision of the trial court was supported by substantial evidence within the meaning of Title II Section 202. THEREFORE,
The Tribal Trial Court’s decision and order is affirmed.